**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4731

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WENDELL WILLIAM INGRAM,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-73; CR-95-148; CR-94-49)

Submitted:  September 29, 2005      Decided:  October 5, 2005

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, HOLTON, TISDALE, CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wendell William Ingram appeals from his 264-month sentence entered pursuant to his guilty plea to possession with intent to distribute twenty-four grams of crack cocaine. Ingram contends that the sentencing enhancement he received for being a career offender is precluded by the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

Ingram's claim is foreclosed by circuit precedent. See United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (holding that defendant's Sixth Amendment right to trial by a jury was not violated by district court's reliance on his prior convictions for purposes of sentencing as career offender); United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005) (holding similarly in the context of the Armed Career Criminal Act). Moreover, on appeal, Ingram does not challenge any factual findings regarding the prior convictions, and he does not dispute the factual basis for the district court's conclusions that he was a career offender. Accordingly, Ingram's assertion that his sentence violated the Sixth Amendment is without merit. See Collins, 412 F.3d at 523 (holding that, where defendant did not dispute any of the facts supporting the career offender status in district court, there is no constitutional violation in relying on defendant's prior convictions).

Accordingly, we affirm Ingram's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED